UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 17-0396 |
|---|---|---|
| VS. | : | JUDGE ROBERT G. JAMES |
| WILLIE CHARLES KENNEDY AND BARBARA W. KENNEDY | : | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), are two motions filed by defendants pro se, Willie Charles Kennedy and Barbara Kennedy: 1) a compound motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1); for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6); or alternatively stay the action [doc. # 9]; and 2) a motion to stay procedures for 180 days and to remand the matter to an administrative law judge ("ALJ") for hearing [doc. # 21]. For reasons detailed below, it is recommended that the motions be DENIED.

## Background

On March 14, 2017, the United States of America filed the instant complaint against Willie Charles Kennedy and Barbara W. Kennedy to enforce its rights as holder in due course of at least three promissory notes ("the Notes") executed by defendants and made payable to the order of the United States of America, acting through the Farmers Home Administration ("FmHA"), now known as the Farm Service Agency. (Compl.). To secure payment of the notes, defendants executed acts of mortgage covering certain property located in West Carroll Parish, Louisiana. *Id*. The United States alleges that defendants defaulted on the Notes, and therefore

the government exercised its right to accelerate the maturity of the unpaid principal and interest. *Id*.

To satisfy the outstanding balance, the United States seeks an *in rem* judgment for the amounts owed on the notes, plus interest, and costs. *Id*. The United States further prays for judgment recognizing the mortgage(s) on the affected property, and that the property be sold with the proceeds of the sale paid to the United States in the amount of its claim, in preference to all others. *Id*.

On May 17, 2017, defendants, acting pro se, filed a perfunctory answer to the complaint. On May 18, 2017, the United States filed a motion for summary judgment seeking recognition and maintenance of its mortgage. The motion remains pending before the District Court.

On May 30, 2017, defendants filed the instant motion to dismiss for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, or alternatively to stay the action. Following several rounds of briefing, the motion is ripe.

Thereafter, on September 8, 2017, defendants filed the instant motion to stay procedures for 180 days and to remand the matter to an administrative law judge for hearing. The United States filed an opposition to the motion on September 13, 2017. Defendants filed a reply brief on October 3, 2017. Thus, the matter is ripe.

## **Law**

Defendants' arguments in support of dismissal implicate both subject matter jurisdiction and whether the complaint states a claim upon which relief can be granted. In the alternative, defendants seek to stay and remand the case to ALJ. Before reaching defendants' various arguments, the court will set forth guiding principles applicable to each avenue of relief.

**I.    Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). Pursuant to Rule 12(b)(1), "the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citation and internal quotation marks omitted). Furthermore, a district court should dismiss where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937 (5th Cir. 2013) (citations omitted).

As courts of limited jurisdiction, the federal courts may exercise only that authority bestowed upon them by the Constitution and the Congress. *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

**II.    Failure to State a Claim Upon Which Relief Can Be Granted**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is

entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed.R.Civ.P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark, supra*.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

**III.    Stay**

The Supreme Court has recognized that,

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 166 (1936).

Furthermore, "federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728–29 (5th Cir.1985) (citations omitted). Thus, "[a] stay pending the outcome of litigation between the same parties involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery." *ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir.1967) (citation omitted).

## Discussion

The United States invoked this court's jurisdiction pursuant to 28 U.S.C. § 1345, which provides that, "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. Thus, "district courts have original jurisdiction over suits brought by the United States to foreclose mortgages on realty situated within the district." *U.S. for & on Behalf of Small Bus. Admin. v. Torres*, 142 F.3d 962, 966 (7th Cir.1998), overruled on other grounds by *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir.2013)); *Garden Homes, Inc. v. United States*, 200 F.2d 299,

5

300 (1st Cir. 1952) (§ 1345 conferred federal jurisdiction in suit to foreclose a mortgage covering real property within the district). Here, it is manifest that the subject property to be foreclosed upon is located within this district. Thus, unless an exception applies, 28 U.S.C. § 1345 suffices to confer subject matter jurisdiction upon this court.

Defendants contend, in effect, that pending prior litigation between Willie Kennedy and the United States, as well as associated legislation arising out of the prior suit, precludes the maintenance of this suit, in this forum. Specifically, defendants assert that they were/are class members in *Pigford v. Glickman*, 185 F.R.D. 82, 110 (D.D.C.1999), aff'd, 206 F.3d 1212 (D.C. Cir.2000), and enforcement denied sub nom. *Pigford v. Schafer*, 536 F. Supp.2d 1 (D.D.C.2008). The history of the *Pigford* litigation may be summarized, as follows:

> [o]n April 14, 1999, a court in this District approved a consent decree that settled a class-action lawsuit brought by African–American farmers alleging racial discrimination by USDA in the application of its credit and benefits programs. *See generally Pigford v. Glickman* (Pigford I), 185 F.R.D. 82 (D. D.C. 1999), aff'd, 206 F.3d 1212 (D.C. Cir. 2000). The Pigford I consent decree created a "dispute resolution mechanism" that allowed class members to file administrative claims seeking compensation for past discrimination by USDA. *Id*. at 95. Pigford I set a time limit for farmers to file their claims, but many farmers attempted to file after the deadline had passed. *In re Black Farmers Discrimination Litig.*, 856 F. Supp.2d 1, 11 (D. D.C. 2011).
>
> Congress provided a remedy to farmers with time-barred claims through a provision of the Food, Conservation, and Energy Act of 2008, also known as the 2008 Farm Bill. *Id*. That provision states: "[a]ny Pigford claimant who has not previously obtained a determination on the merits of a Pigford claim may, in a civil action brought in the United States District Court for the District of Columbia, obtain *124 that determination." *Id*. (quoting Pub. L. 110–234, § 14012(b), 122 Stat. 923, 1448 (2008)). Through twenty-three complaints filed in this District, roughly 40,000 individuals brought suit under that provision, and those cases became known as Pigford II actions. *See id.* at 13. Recognizing the case management challenges posed by the Pigford II cases, the court consolidated all twenty-three actions into one miscellaneous case, *In re Black Farmers Discrimination Litigation*, No. 08–mc–0511 (PLF). *See id.*

6

> The Pigford II parties negotiated a settlement (the "Settlement Agreement") that
> was ultimately approved by the court on October 27, 2011 following a fairness
> hearing and the consideration of extensive written submissions by interested
> parties. *See id.* at 6–7.

*Atchison v. U.S. Dist. Courts*, 240 F.Supp.3d 121, 123–24 (D.D.C.2017).

Pursuant to the aforementioned process established in *Pigford I*, Willie Kennedy submitted a claim and, on November 4, 1999, a claims adjudicator awarded him a cash payment of $50,000; a discharge of all outstanding debt to the USDA that was "incurred under or affected by, the program(s) that was/were the subject of [the] claim," which was identified solely as the "**operating loan for 1984**"; an additional payment to help defer taxes; and "[i]njunctive relief pursuant to the Consent Decree." (Nov. 4, 1999, Decision of the Adjudicator; Defs.' M/Dismiss, Exh.).

Defendants maintain that the consent decree in *Pigford* is still valid and the D.C. court retained jurisdiction to enforce its provisions. Specifically, defendants cite paragraph 9(a)(iii)(A) of the consent decree, which provides that,

> (iii) [i]n any case in which the adjudicator decides in a class member's favor, the
> following relief shall be provided to the class member:
>
> (A) USDA shall discharge all of the class member's outstanding debt to USDA
> that was incurred under, or affected by, the program(s) that was/were the subject
> of the ECOA claim(s) resolved in the class member's favor by the adjudicator.
> The discharge of such outstanding debt shall not adversely affect the claimant's
> eligibility for future participation in any USDA loan or loan servicing program . . .

*Pigford v. Glickman*, No. 97-1978 (D. D.C.) (Consent Decree).

However, Willie Kennedy *did* receive a discharge for his affected debt – his operating loan for 1984.[1]

---

[1] Moreover, there is no evidence or indication that Barbara Kennedy ever filed a claim or was involved in the *Pigford* process at all.

The *Pigford* court made it clear that the "plaintiff class in this case only includes farmers who 'filed administrative complaints between January 1, 1981, and July 1, 1997, for acts of discrimination occurring between January 1, 1981, and December 31, 1996.'" *Pigford v. Vilsack*, No. 97-1978, 2016 WL 4921378, at *7 (D. D.C. Sept. 15, 2016) (citation omitted). The notes/loans that form the basis for the instant suit, however, did not close before 1989. *See* Complaint. Therefore, *Pigford* does not apply to the instant loans.

Defendants further maintain that the *Pigford* court retained jurisdiction to enforce the consent decree. However, the *Pigford* court unequivocally acknowledged that the

> Consent Decree does not, however, provide any forward-looking injunctive relief. It does not require the USDA to take any steps to ensure that county commissioners who have discriminated against class members in the past are no longer in the position of approving loans. Nor does it provide a mechanism to ensure that future discrimination complaints are timely investigated and resolved so that the USDA does not practice the same discrimination against African American farmers that led to the filing of this lawsuit.

*Pigford*, 185 F.R.D. at 110.

In short, the instant proceeding is not subject to the consent decree, and in no way transgresses it.² By proceeding with this case, this court is not usurping the authority of a sister court; *Pigford* does not bar this proceeding.³

Defendants also contend that the instant foreclosure proceeding is barred by Section 14012 of the Food, Conservation, and Energy Act of 2008, which provides, in pertinent part, that,

---

² In late May 2017, defendants represented that they intended to file suit in the Court of Federal Claims regarding continuing discrimination stemming from the breach of the *Pigford* consent decree. To date, however, there is no indication that they ever did.

³ In their motion, defendants state in passing that this suit is barred by *res judicata*. However, one of the elements of *res judicata* is that the same claim or cause of action was involved in both actions. *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466-67 (5th Cir. 2013). Those circumstances are not present here.

> h) LIMITATION ON FORECLOSURES.—Notwithstanding any other provision of law, during the pendency of a Pigford claim, the Secretary may not begin acceleration on or foreclosure of a loan if—
>
>> (1) the borrower is a Pigford claimant; and
>>
>> (2) makes a prima facie case in an appropriate administrative proceeding that the acceleration or foreclosure is related to a Pigford claim.

FOOD, CONSERVATION, AND ENERGY ACT OF 2008, PL 110–246, June 18, 2008, 122 Stat 1651.

However, defendants do not have a pending *Pigford* claim. Moreover, § 14012 only applies to those individuals "who ha[d] not previously obtained a determination on the merits of a *Pigford* claim." *Parker v. United States*, 131 Fed. Cl. 1, 24 (2017) (citation omitted). Here, of course, Willie Kennedy already obtained a determination on the merits of his *Pigford* claim. In short, Section 14012 of the Food, Conservation, and Energy Act of 2008 does not bar the instant suit.

Defendants further argue that they have an administrative claim pending and that they have requested a hearing before an ALJ. Indeed, Willie Kennedy *did* file a request for hearing before an ALJ. However, the ALJ denied and dismissed the request. *See* July 17, 2017, Dismissal; Gov.'t Suppl. Opp. Memo., Exh.

In their most recent motion, defendants urge the court to stay the case for 180 days and remand the matter to an ALJ for a hearing on the merits pursuant to 7 C.F.R. §§ 15.8 and 15.9. These regulations, however, were promulgated to effectuate the provisions of Title VI of the Civil Rights Act of 1964, and expressly do not apply to any assistance to an applicant or recipient who is an ultimate beneficiary, i.e., someone such as defendants. 7 C.F.R. § 15.1. Furthermore, Title VI does not apply to programs maintained directly by federal agencies. *Wise v. Glickman*, 257 F. Supp.2d 123, 132 (D.D.C.2003). Thus, defendants are not entitled to a hearing under 7

C.F.R. §§ 15.8 and 15.9.

Defendants also invoke § 741 of the Department's 1999 Supplemental Appropriations Act which sets forth certain procedures for farmers who had asserted untimely discrimination claims with the USDA. *See Benoit v. U.S. Dep't of Agric.*, 608 F.3d 17, 19 (D.C. Cir.2010). The implementing regulations provide an option for administrative review for a person who "filed a nonemployment related discrimination complaint with USDA prior to July 1, 1997, that alleged discrimination by USDA at any time during the period beginning January 1, 1981 and ending December 31, 1996 . . ." 7 C.F.R. § 15f.2. Here, of course, the loans at issue are outside the foregoing period. Thus, § 741 is inapplicable.

Finally, defendants contend that the instant foreclosure action violates the protections afforded by their "Chapter 12" bankruptcy filing. Although defendants initially filed a voluntary petition for Chapter 12 bankruptcy, they later converted the petition to Chapter 7. *See In Re: Willie Kennedy and Barbara Kennedy*, Case No. 07-30775 (Bankr. W.D. La.) [doc. #s 185 & 200]). Furthermore, the instant suit does not seek to assert personal liability against defendants; rather, it seeks foreclosure *in rem* – a remedy that survives bankruptcy discharge. *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 Fed. Appx. 308, 312 n.6 (4th Cir.2016).

## **Conclusion**

For the above-assigned reasons, the court finds that it enjoys subject matter jurisdiction to hear this suit, and that the complaint states a claim upon which relief can be granted. *See United States v. Hafner*, 421 F. Supp.2d 1220, 1224 (D.N.D.2006) (Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief). In addition, defendants have not established that a stay or remand to an ALJ is available or warranted. Accordingly,

IT IS RECOMMENDED that defendants' motions: 1) to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1); for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6); or alternatively stay the action [doc. # 9]; and 2) to stay procedures for 180 days and to remand the matter to an administrative law judge for hearing [doc. # 21] be DENIED, in their entirety.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 4th day of October 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE