# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION NO. 17-0396** |
| **VERSUS** | : | **JUDGE ROBERT G. JAMES** |
| **WILLIE CHARLES KENNEDY AND BARBARA W. KENNEDY** | : | **MAG. JUDGE KAREN L. HAYES** |

## RULING

This is an action brought by the United States of America ("the United States"), acting through the Farmers Home Administration ("FmHA"), now known as the Farm Service Agency ("FSA"), of the United States Department of Agriculture ("USDA"), against Defendants Willie Charles Kennedy and Barbara W. Kennedy ("the Kennedys"), to obtain an *in rem* judgment on the basis of certain promissory notes ("Notes"). The United States also seeks recognition and maintenance of certain acts of mortgage securing payment of the notes covering immovable property located in West Carroll Parish, State of Louisiana.

Pending before the Court is a Motion for Summary Judgment [Doc. No. 6] filed by the United States. The motion is unopposed, although the Kennedys, acting *pro se,* have filed numerous other motions and memoranda in this matter, all of which have been resolved. *See* [Doc. Nos. 9, 12, 17, 28, 35, 38, 43 & 45].

For the following reasons, the motion is GRANTED, and Judgment is entered in favor of the United States.

## I.    FACTS

On March 14, 2017, the United States filed a Complaint against the Kennedys to enforce its rights as holder in due course of at least three promissory notes ("the Notes") executed by Defendants and made payable to the order of the United States, acting through the FmHA, now FSA. The Notes, dated March 31, 2005; June 20, 2003; April 2, 2002; October 15, 1999; September 7, 1989; March 31, 2005; June 20, 2003; April 2, 2002; April 2, 2001; and June 7, 2006[1], are attached as Exhibit 1 to the Complaint. [Doc. No. 1, Exh. 1].

To secure payment of the notes, Defendants executed the following acts of mortgage covering the property located in West Carroll Parish, Louisiana and filed in the official records of that parish:

| | |
|---|---|
| September 7, 1989 | Mortgage Book 154, page 734 |
| April 2, 2001 | Mortgage Book 193, page 567 |
| July 2, 2003 | Mortgage Book 205, page 490 |
| May 18, 2004 | Mortgage Book 209, page 755 |
| April 1, 2005 | Mortgage Book 214, page 567 |

The acts of mortgage are also attached to the Complaint as Exhibit 2. [Doc. No. 1, Exh. 2].  The Notes and acts of mortgage have been confirmed and verified through the affidavit of Craig McCain, the State Executive Director of the FSA. [Doc. No. 6, Exh. 1].  The acts of mortgage have also been confirmed through the affidavits of the farm loan managers who signed on behalf of the FSA. [Doc. No. 6, Exh. 3].

Defendants defaulted on the Notes, and, therefore, the United States exercised its right to

---

[1]The Court has listed the Notes in the order that they appear in the Complaint and the Motion for Summary Judgment.

accelerate the maturity of the unpaid principal and interest on February 26, 2016, but the Kennedys have not pay the demand.

To satisfy the outstanding balance, the United States seeks an *in rem* judgment for the amounts owed on the Notes, plus interest and costs. The United States further prays for judgment recognizing the acts of mortgage on the affected property, that the property be sold without appraisement, and that the proceeds of the sale be paid to the United States in the amount of its claim, in preference to all others.

On May 17, 2017, Defendants filed an Answer.

On May 18, 2017, the United States filed the instant Motion for Summary Judgment.

Between May 30, 2017, and January 31, 2018, Defendants filed numerous motions, memoranda, and other pleadings in an attempt to either have this case dismissed, remanded to an administrative agency, or to obtain relief against the United States. Central to Defendants' claims and allegations is Willie Kennedy's status as a class member in *Pigford v. Glickman*, 185 F.R.D. 82, 110 (D.D.C.1999), aff'd, 206 F.3d 1212 (D.C. Cir.2000), and enforcement denied sub nom. *Pigford v. Schafer*, 536 F. Supp.2d 1 (D.D.C.2008). As Magistrate Judge Hayes explained,

The history of the Pigford litigation may be summarized, as follows:

[o]n April 14, 1999, a court in this District approved a consent decree that settled a class-action lawsuit brought by African–American farmers alleging racial discrimination by USDA in the application of its credit and benefits programs. *See generally Pigford v. Glickman* (Pigford I), 185 F.R.D. 82 (D. D.C. 1999), aff'd, 206 F.3d 1212 (D.C. Cir. 2000). The Pigford I consent decree created a "dispute resolution mechanism" that allowed class members to file administrative claims seeking compensation for past discrimination by USDA. *Id.* at 95. Pigford I set a time limit for farmers to file their claims, but many farmers attempted to file after the deadline had passed. *In re Black Farmers Discrimination Litig.*, 856 F. Supp.2d 1, 11 (D. D.C. 2011).

Congress provided a remedy to farmers with time-barred claims through a provision of the Food, Conservation, and Energy Act of 2008, also known as the 2008 Farm Bill. *Id.* That provision states: "[a]ny Pigford claimant who has not previously obtained a determination on the merits of a Pigford claim may, in a civil action brought in the United States District Court for the District of Columbia, obtain that determination." *Id.* (quoting Pub. L. 110–234, § 14012(b), 122 Stat. 923, 1448 (2008)). Through twenty-three complaints filed in this District, roughly 40,000 individuals brought suit under that provision, and those cases became known as Pigford II actions. *See id.* at 13. Recognizing the case management challenges posed by the Pigford II cases, the court consolidated all twenty-three actions into one miscellaneous case, *In re Black Farmers Discrimination Litigation*, No. 08–mc–0511 (PLF). *See id.*

The Pigford II parties negotiated a settlement (the "Settlement Agreement") that was ultimately approved by the court on October 27, 2011 following a fairness hearing and the consideration of extensive written submissions by interested parties. *See id.* at 6–7.

*Atchison v. U.S. Dist. Courts*, 240 F.Supp.3d 121, 123–24 (D.D.C.2017).

[Doc. No. 33, pp. 6-7]. Under this process, Willie Kennedy submitted a claim and obtained a payment of $50,000; a discharge of all outstanding debt to the USDA "that was 'incurred under or affected by, the program(s) that was/were the subject of [the] claim,' which was identified solely as the 'operating loan for 1984'; an additional payment to help defer taxes; and '[i]njunctive relief pursuant to the Consent Decree.' (Nov. 4, 1999, Decision of the Adjudicator; Defs.' M/Dismiss, Exh.)." [Doc. No. 33, p. 7].

However, as Magistrate Judge Hayes and this Court, which adopted Magistrate Judge Hayes' Report and Recommendation, have found, the Notes/loans that are addressed in this lawsuit closed after the applicable time period of the *Pigford* litigation.

As all of the Kennedys' motions and memoranda have been addressed by either Magistrate Judge Hayes or the undersigned, and the Court has jurisdiction to address the United States'

Complaint, the Motion for Summary Judgment is now ripe for review.

## II.    LAW AND ANALYSIS

### A.    Motions For Summary Judgment

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.  However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

248 (1986)).

In a bench trial, "a district court has somewhat greater discretion to consider what weight it will accord the evidence." *In re Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991). A court "has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result." *Id.* at 398 (citing *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)).

## B. United States' Foreclosure on FmHa/FSA Mortgages

"Under a nationwide federal loan program like that of [the] FmHA, it is settled that federal law ultimately controls the government's rights and responsibilities." *Farmers Home Admin. v. Muirhead*, 42 F.3d 964, 965 (5th Cir.1995) (citing *United States v. Kimbell Foods, Inc.*, 440 U.S. 715 (1979)). "To recover on a promissory note, the government must show [that] (1) the defendant signed [the note], (2) the government is the present owner or holder [of the note], and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir.1993)).

The United States has established the elements of its claim for judgment on the Notes and mortgages based on the undisputed facts in this case, which were properly supported with affidavits from the FSA Executive Director and employees. The Kennedys did not truly contest the underlying facts in other filings, but made other arguments based on Willie Kennedy's prior status as a *Pigford* claimant. Accordingly, based on the undisputed evidence, the Court finds that the United States is entitled to summary judgment in this matter.

## III. CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment [Doc. No. 6]

is GRANTED. Judgment is rendered in favor of the United States and against the Kennedys, *in rem*, and for recognition and maintenance of the Mortgages. Given the passage of time between the filing of the Motion for Summary Judgment and the issuance of this Ruling, the United States shall file a proposed Judgment within fourteen (14) days. Once received, the Court will review the proposed Judgment and record and issue a Judgment *in Rem*.

MONROE, LOUISIANA, this 16th day of February, 2018.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**